BLANCHE, Judge
(dissenting).
Paragraph 11 of the two lease agreements here sued upon reads as follows:
“11. In the event that Lessor at any time considers that operations are not being conducted in compliance with this lease, Lessor shall notify Lessee in writing of the facts relied upon as constituting a breach hereof, and Lessee, if legally required to conduct operations in order to maintain the lease in force, shall have sixty (60) days after receipt of such notice in which to commence the necessary operations to comply with the requirements hereof.” (Emphasis added, Record, p. 11)
The majority affirms the trial court’s holding that the payment of royalties is an operation contemplated by the provisions of paragraph 11 to which the notice provisions of said paragraph apply. The plaintiffs’ failure to give such notice resulted in their suit being dismissed on an exception of prematurity. The decision hinges around the interpretation of the word “operations” in paragraph 11 of the two lease agreements which plaintiffs are in this action attempting to cancel.
It is this writer’s opinion that whenever the word “operations” is used in the lease, it is always in connection with some activity leading to the production of oil and gas. When the underscored clauses of paragraph 11 are read in connection with the use of the word “operations” in the granting clauses and in paragraphs 1, 2, 4 and 6 of the leases, it is obvious that the “operations” contemplated in paragraph 11 are of a physical nature relating to production. This interpretation of the word “operations” is in accord with the common and usual signification of the word as used in an oil and gas lease and is surely in accord with its popular and general use.
LSA-C.C. art. 1946 reads as follows:
“The words of a contract are to be understood, like those of a law, in the common and usual signification, without attending so much to grammatical rules, as to general and popular use.”
The majority relies on Bollinger v. Republic Petroleum Corporation, 194 So.2d 139 (La.App. 1st Cir. 1966), as authority for holding that the notice provisions of paragraph 11 of the lease here involved are legal and binding. An examination of the lease provisions in the Bollinger case will reveal that notice was required in the event the lessor considered that the lessee failed in his “obligations” under the lease. Therefore, the case stands solely for the proposition that the notice provisions of the lease must be complied with before instituting suit to annul the lease on the grounds that the lessee had failed in its “obligation” to pay shut-in royalties. In the instant case the notice provision applied to “operation” as distinguished from “obligation” to which notice provisions were applicable in Bollinger.
For the above and foregoing reasons, the notice provisions of paragraph 11 not being applicable to the payment of royalties, the judgment of the trial court should be reversed and I, therefore, respectfully dissent.
Rehearing denied.
Blanche, J., dissents from the refusal to grant a rehearing.